United States District Court
Southern District of Texas
**ENTERED**
March 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MELQUIADES MENDIOLA, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-15-80 |
| | § | |
| STATE OF TEXAS, ET. AL, | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 30, 2015, Plaintiff Melquiades Mendiola Jr. ("Mendiola") – a state prisoner – filed a civil rights complaint against the State of Texas and the Cameron County District Attorney's Office. Dkt. No. 1.

The Court has an independent obligation to review Mendiola's claims. 28 U.S.C. § 1915(e)(2). After conducting this review, it is recommended that Mendiola's complaint be dismissed for failure to state a claim upon which relief can be granted, or alternatively, for failure to timely pay the required filing fee.

### I. Background

In his complaint – which is not a model of clarity – Mendiola appears to be making two claims: (1) that his current incarceration is a "false imprisonment" without due process of law; and (2) that Texas Department of Criminal Justice ("TDCJ") personnel are unlawfully withholding money from his prison commissary account by depositing it into an incorrect prisoner number account. Dkt. No. 1. In a letter to the Court, he also accuses the State of Texas of using "an impostor signing court documentation with the right hand." Mendiola claims to be left-handed. Beyond these bare allegations, Mendiola has pled no facts to support his claims.

Mendiola is currently incarcerated as a result of a burglary habitation conviction. Mendiola v. Stephens, Civil No. 1:14-261, Dkt. No. 40. That conviction has not been

1

overturned. Id.[1]

On April 30, 2015, Mendiola moved to proceed in forma pauperis. Dkt. No. 2.  On May 4, 2015, the Court denied Mendiola's motion, noting that his claims were frivolous. Dkt. No. 5.  At that time, Mendiola was given until June 12, 2015, to pay the filing fees associated with this case. Id.  As of today's date he has failed to do so.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

As it relates to the claims against TDCJ, Mendiola was a convicted prisoner at the time of the incidents in question.  While the Fourteenth Amendment protections safeguard pre-trial detainees, the Eighth Amendment's cruel and unusual punishment clause applies to

---

[1] The Court may refer to matters of public record in deciding whether a plaintiff has stated a claim upon which relief can be granted. Davis v. Bayless, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

post-trial prisoners, <u>Bell v. Wolfish</u>, 441 U.S. 520, 536 n.16 (1979).  The protection afforded each class of individuals is, for present purposes, the same. <u>Gautney v. King</u>, 252 F.3d 435 (5th Cir. 2001) (unpubl.) ("[T]he same standards are used to analyze claims under either the Eighth or the Fourteenth Amendment." (citing <u>Hare v. City of Corinth, Miss.</u>, 135 F.3d 320, 324 (5th Cir. 1998)).  Accordingly, the Court will examine Mendiola's claims against TDCJ under the Eighth Amendment.

### B. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " <u>Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.</u>, 512 F.3d 137, 140 (5th Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  The Supreme Court has further defined the <u>Twombly</u> standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " <u>Id.</u> at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. <u>Memon v. Allied Domecq QSR</u>, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Allegations by <u>pro se</u> litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from

compliance with relevant rules of procedural and substantive law." <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981).

### C. Section 1915

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court <u>shall</u> dismiss the case at any time if the court determines that--
 (A) the allegation of poverty is untrue; or
 (B) the action or appeal--
  (I) is frivolous or malicious;
  (ii) fails to state a claim on which relief may be granted; or
  (iii) seeks monetary relief against a defendant who is immune
  from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added).  <u>See</u> <u>Hutchins v. McDaniels</u>, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous <u>in</u> <u>forma</u> <u>pauperis</u> complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Rhine v. City of Mansfield</u>, 499 Fed. App'x 334, 335 (5th Cir. 2012) (unpubl.) (citing <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed <u>in</u> <u>forma</u> <u>pauperis;</u> "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." <u>Holmes v. Hardy</u>, 852 F.2d 151, 153 (5th Cir. 1988) (quoting <u>Startti v. U.S.</u>, 415 F.2d 1115, 1116 (5th Cir. 1969)).  "A complaint is frivolous if it lacks an arguable basis in law or fact." <u>Black v. Warren</u>, 134 F.3d at 733.

### D. Want of Prosecution

A district court may <u>sua</u> <u>sponte</u> dismiss an action for failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).  Generally, such dismissals are without prejudice.

The statute of limitations, however, may serve to prevent a litigant from re-filing a case after it has been involuntarily dismissed for failure to comply with a court order.

4

"Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Under those circumstances, a dismissal without prejudice is considered to be a dismissal with prejudice. Id.

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry, 975 F.2d at 1191. Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## III. Analysis

In analyzing Mendiola's petition, a basic premise is that allegations by pro se litigants must be afforded liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Mendiola's claims.

### A. Unlawful Imprisonment

Mendiola has, rather cryptically, alleged that he is being falsely imprisoned. Even if it is assumed that Mendiola's claims are factually accurate, they are barred by Heck v. Humphrey, 512 U.S. 477, 484 (1994). While Heck addressed the requirement that the underlying conviction be invalid, the same requirement attaches to instances where probation is revoked. Thomas v. Epps, 534 Fed. App'x. 231, 232 (5th Cir. 2013) (unpubl.) (citing McGrew v. Tex. Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995)).

Mendiola's claim attacks the validity of his probation revocation. If such a claim was established at trial, it would imply that the revocation was invalid. In such instances – where a plaintiff's claim, if true, would undermine the validity of an otherwise valid conviction or sentence – a plaintiff is required to show "termination of the prior criminal proceeding in [his] favor," before he can proceed with his civil claim. Heck, 512 U.S. at 484 (1994). In

other words, Mendiola may not proceed with his false imprisonment claim until he has overturned his probation revocation. He has not done that and the convictions and revocation remain valid, which precludes the relief Mendiola seeks.

### B. Commissary Account

Mendiola appears to be asserting that prison officials have unlawfully denied him his property by placing inmate funds, intended for him, into a different account. This claim is also legally foreclosed.

Negligent or intentional deprivations of personal property do not implicate the Due Process Clause, as long as post-deprivation remedies exist. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "Texas law provides at least two such remedies: (1) the tort of conversion; . . . and (2) an administrative remedy under sections 501.007 and 501.008 of the Government Code." Fernandez v. T.D.C.J., 341 S.W.3d 6, 13 (Tex. App.–Waco 2010). Furthermore, Texas allows indigent plaintiffs to pursue their claims in pauperis. TEX. R. CIV. P. 145. Mendiola clearly has a viable post-deprivation remedy, via a lawsuit for the intentional tort of conversion, in the state courts. Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994); Nickens v. Melton, 38 F.3d 183 (5th Cir. 1994). Thus, Mendiola's claim is "not actionable under section 1983 " and is frivolous. Murphy, 26 F.3d at 543-44.

### C. Impostor

Mendiola's claim that Texas officials have used an impostor to sign his court documents is fanciful, frivolous and – at best – a completely unsupported claim.

When addressing in forma pauperis claims under § 1915(d), "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). If a factual allegation is "clearly baseless," the Court may dismiss it, even without judicially noticeable facts available to contradict the claim. Id.

The notion that the State of Texas has an impostor signing court documents is completely unsupported by the record and, at best, can be described as fanciful. As such, this

allegation is clearly baseless. <u>See</u> <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465, 468 (5th Cir. 1992) ("Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios."). This claim falls into the <u>Ancar</u> described categories and should be dismissed.

### D. Want of Prosecution

Finally, Mendiola's failure to "comply with any order" of the Court supports dismissal of his claims without prejudice. As noted earlier, a dismissal without prejudice may, nevertheless, amount to a dismissal with prejudice, if the "statute of limitations prevents or <u>arguably may prevent </u>a party from refiling his case after it has been dismissed." <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. 1981) (quoting <u>Boazman v. Economics Laboratory, Inc.</u>, 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)). Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. <u>Collins v. Stalder</u>, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing <u>Boazman</u>, 537 F.2d at 212-13).

Mendiola's complaint does not state when the underlying actions occurred. Given this failure, the Court is unable to determine whether the statute of limitations would prevent Mendiola from re-filing the complaint. In an abundance of caution, the Court will consider whether dismissal with prejudice would be justified under the facts presented by this case.

Again, as noted earlier, dismissals with prejudice are justified "only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." <u>Collins</u>, 236 F. App'x at 31.

In this case, Mendiola has had almost 11 months to pay the filing fee, but has failed to do so. Not only does this establish a clear record of delay, but – given the duration of the failure – it seems clear that lesser sanctions would not prompt him to pay that fee. There is no evidence in the record indicating that Mendiola is justified in refusing to pay the filing fee

or that he has even attempted to pay the filing fee. <u>Greathouse v. Texas Dep't of Criminal Justice</u>, 379 F. App'x 403, 404 (5th Cir. 2010); <u>see also</u> <u>Merrill v. Perry</u>, 117 Fed. App'x. 382 (5th Cir. 2005) (unpubl.) (stating that dismissal for failure to pay the filing fee was unwarranted when plaintiff claimed that prison officials had not complied with his requests for the fees to be withdrawn from his prison account).

Thus, the only viable sanction – given both the substance of his claims and the failure to comply with the Court's order to pay the filing fee – is dismissal, irrespective of the characterization of that dismissal. <u>Jackson v. Texas Bd. of Pardons & Paroles</u>, 198 F. App'x 379, 380 (5th Cir. 2006).

## IV. Recommendation

It is recommended that Melquaides Mendiola Jr.'s complaint, Dkt. No. 1, be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[2] Alternatively, Mendiola's petition should be dismissed for failure to comply with the Court's order to pay the appropriate filing fee.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded

---

[2] Should this recommendation be adopted, it would constitute Mendiola's third "strike" under 28 U.S.C. § 1915. <u>See</u> <u>Mendiola v. Cameron Cty. Dist. Attorney's Office</u>, No. 15-40014, 2016 WL 1055740, at *1 (5th Cir. Mar. 16, 2016) (unpubl.) (noting Mendiola's two previous strikes). Under 28 U.S.C. § 1915(g), Mendiola would be prohibited from proceeding <u>in forma pauperis</u> in any future proceedings unless he can establish that he is in "imminent danger of serious physical injury."

by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on March 31, 2016.

Ronald G. Morgan
United States Magistrate Judge